UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN VARELA,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. EDCV 14-1268 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I.   SUMMARY

On July 2, 2014, plaintiff Martin Varela ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; July 9, 2014 Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On or about July 10, 2009, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 118, 125). Plaintiff asserted that he became disabled on July 1, 2008, due to seizures, mental impairment, inability to stand for a long time, and bad feet. (AR 139).

Plaintiff currently appeals an administrative decision (the second in the case) issued after this Court entered judgment reversing and remanding the case, and the Appeals Council, in turn, remanded the case to an Administrative Law Judge ("ALJ") to conduct further proceedings. (AR 484-94, 495-97, 989-1001). On remand, the ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on December 30, 2013. (AR 434-55).

On April 4, 2014, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 989-1001). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: osteoarthritis and affective disorder (AR 991); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 992-93); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)), but was limited to simple and routine tasks in a non-public setting (AR 993); (4) plaintiff had no past relevant work (AR 999); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically Inspector, Packager, and

///

Assembler (AR 1000); and (6) plaintiff's allegations regarding his limitations were not entirely credible (AR 995).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

  (5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

  **B.** **Standard of Review**

  Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

  To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming

or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that the ALJ failed properly to consider the opinions of two state agency reviewing physicians – Dr. K. Wahl and Dr. J. Hartman. (Plaintiff's Motion at 2-9) (citing AR 345-50, 404-05). As discussed in detail below, the Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A. Pertinent Law

In Social Security cases, courts give varying degrees of deference to medical opinions depending on the type of physician who provided them, namely "treating physicians," "examining physicians," and "nonexamining physicians." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (citations and quotation marks omitted). An examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. See id. (citation omitted).

An ALJ may reject a nonexamining physician's opinion "by reference to specific evidence in the medical record." Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998). Although an ALJ is not bound by the opinions of a nonexamining physician, the ALJ may not ignore such opinions and "must explain the weight given to the opinions" in the ALJ's decision. Chavez v. Astrue, 699 F. Supp. 2d 1125, 1135 (C.D. Cal. 2009) (citations and quotation marks omitted).

///

5

**B.     Additional Pertinent Facts**

In an August 19, 2009 Physical Residual Functional Capacity Assessment form ("August 19 RFC Form"), Dr. Wahl opined, among other things, that plaintiff (i) could lift and/or carry 20 pounds occasionally and 10 pounds frequently; and (ii) had limitations in near and far visual acuity, and could perform "[n]o jobs where good [visual acuity is] necessary for safety."  (AR 346-47).

In a Case Analysis of the same date ("August 19 Case Analysis"), Dr. Wahl adopted a residual functional capacity assessment for plaintiff of "light" work with "visual limitations."  (AR 352).

In a March 4, 2010 Case Analysis ("March 4 Case Analysis"), Dr. Hartman affirmed the "prior decision of light [residual functional capacity assessment] with vision limitations."  (AR 405-06).

In the April 4, 2014 Administrative Decision, the ALJ stated, in pertinent part (1) "The undersigned has read and considered all of the State agency physicians' reports . . . [and] has given great weight to the assessments of the State agency medical/psychological consultants on initial review and on reconsideration."; and (2) "The assessments of these State agency consultants are well supported by the objective medical evidence and are consistent with the record as a whole . . . ."  (AR 996-97) (citing, *inter alia*, Exhibits 9F [AR 345-50] (August 19 RFC Form); 10F [AR 351-53] (August 19 Case Analysis); 16F [AR 404-05] (March 4 Case Analysis)).

**C.     Analysis**

Here, the ALJ erred in his assessment of the opinions of Drs. Wahl and Hartman.  As noted above, the ALJ purportedly gave "great weight" to Dr. Wahl's August 19 RFC Form and Case Analysis, and Dr. Hartman's March 4 Case Analysis (collectively "State Agency Physician Reports"), and found the State Agency Physician Reports to be "well supported by the objective medical evidence and [] consistent with the record as a whole."  (AR 996-97).  As also

noted above, both Dr. Wahl and Dr. Hartman opined that plaintiff would have "vision limitations" (*i.e.*, limitation in near and far visual acuity). (AR 347, 352, 405). In his decision, however, the ALJ did not include "vision limitations" in his residual functional capacity assessment for plaintiff, and gave no explanation for the omission. (AR 993, 996-97). As in the prior decision, it appears that the ALJ either inaccurately characterized the State Agency Physician Reports as supportive of his residual functional capacity assessment for plaintiff, or the ALJ ignored/implicitly rejected the State Agency Physician Reports to the extent they found "vision limitations" for plaintiff. Either way, the ALJ erred and the Court cannot find such error to be harmless.

If the former – *i.e.*, the ALJ inaccurately characterized the State Agency Physician Reports as supporting the ALJ's residual functional capacity assessment for plaintiff – a remand is warranted to permit the ALJ to reconsider his assessment that plaintiff retained the residual functional capacity to perform light work with no vision limitations given the State Agency Physician Reports which opine otherwise. See, e.g., Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999) ("inaccurate characterization" of record cannot serve as substantial evidence to support ALJ's disability findings).

If the latter – *i.e.*, the ALJ silently rejected the opinions expressed in the State Agency Physician Reports that plaintiff had vision limitations – it is, likewise, appropriate to remand so the ALJ can either account for such vision limitations in plaintiff's residual functional capacity assessment, or expressly reject the nonexamining physicians' opinions in such respect "by reference to specific evidence in the medical record." Sousa, 143 F.3d at 1244.

Finally, the Court cannot find the ALJ's error harmless. The two representative occupations the vocational expert identified at the hearing require "frequent" near acuity. (AR 453) (citing Dictionary of Occupational Titles ("DOT") §§ 706.684-022 [Assembler, Small Products I], 729.687-010 [Assembler,

Electrical Accessories I]). The three occupations identified in the ALJ's decision (only one of which appears to be the same as an occupation identified by the vocational expert) also require "frequent" near acuity. (AR 1000) (citing DOT §§ 529.687-114 [Inspector], 559.687-074 [Inspector and Hand Packager], 706.684-022 [Assembler, Small Products I]). Consequently, all representative occupations identified in the case appear to be inconsistent with plaintiff's limitation on "near [visual] acuity." Therefore, the Court cannot conclude that the ALJ's nondisability determination at step five would have been the same had the ALJ included vision limitations in his residual functional capacity assessment for plaintiff and the hypothetical question posed to the vocational expert at the hearing. Cf. Stout, 454 F.3d at 1055 (may affirm decision where ALJ's error "was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion").

## V. CONCLUSION[1]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 22, 2014

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[2] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison, 759 F.3d at 1019 (citation and internal quotation marks omitted).